Merrimack,  
June, 1899.

PROVIDENT MUTUAL RELIEF ASSOCIATION *v.* PELISSIER.

Under a by-law of a mutual insurance company providing that membership therein shall be forfeited by a failure to pay three death assessments, a member is liable for assessments levied after his suspension and withdrawal for the payment of losses occurring during the continuance of his membership.

ASSUMPSIT, for assessments and dues. Facts agreed. The defendant became a member of the plaintiff association on January 11, 1887, and on July 1, 1898, his membership ceased by suspension, or withdrawal, under the third section of the seventh article of the by-laws of the association.

The plaintiff claims fifteen assessments of $1.50 each. There were five of these assessments made in June, four in July, four in August, and two in September. The deaths, on account of which these several assessments were made, occurred at different dates, in March, April, May, and June. In addition to these

assessments the plaintiff claimed dues for June and September, one dollar, and canvassing and emergency fund, twenty-five cents.

It is agreed that the beneficiaries, on whose account these several assessments were made, may appear as plaintiffs in interest, or be joined as parties, and, for the purpose of this case, their interest in the result of this suit may be considered by the court. It is also agreed that the defendant's certificate of membership, the charter and by-laws of the association, are made a part of the case, and may be referred to, or used by either party.

*Samuel B. Page*, for the plaintiffs.

*Bingham & Mitchell*, for the defendant.

BLODGETT, C. J. In the absence of any statutory provision defining the right of the plaintiffs or the obligation of the defendant in respect of assessments and dues, their respective rights must be determined by the agreement which they made between themselves, as evidenced by the constitution of the association and the by-laws passed pursuant therewith, of which every member is bound to take notice.

Looking at the constitution, it is seen that the object contemplated is to secure insurance to the members through their mutual co-operation by way of assessments, and that the rights of each member qualify the rights, and to some extent measure the obligations and liabilities, of the others; but no special provision is found which affords any direct aid in the determination of the questions raised by the case. Resort must therefore be had to the by-laws, which are to be construed reasonably, according to the intentions of all concerned, and in the same manner and upon the same principles that a written contract between private individuals would be construed.

The by-laws that are material to the questions involved are contained in article VII, relating to assessments and dues, and read as follows: " Section 1. Each and every member shall pay to the secretary when he makes application for membership his first assessment to the benefit fund at the following rates, and the same amount on each and every assessment thereafter, while he remains a member of the association. [Rates omitted.] . . . Sect. 3. Any member who neglects to pay his assessments or dues within thirty days from the date of notice *shall be held suspended,* and the clerk of his subordinate association shall immediately report such delinquent to the secretary; and, should such delinquency continue until three death assessments have been called for, his membership *shall be forfeited.*" These sections contain all the stipulations of the parties upon the matters under

consideration, and must establish and determine their respective rights.

The first contention of the defendant is that, under the provisions cited, the plaintiffs have no power to collect any assessments from him.   To this contention we cannot assent.

When the defendant took his membership certificate he entered into an absolute undertaking to pay the assessments specified in the first section, so long as he remained a member of the association.   The effect was to establish a personal liability for such assessments on his part, and to create a debt against him which he obligated himself to pay and which he could not repudiate.   True, by his failure to pay as required by the third section, both his contract and his membership terminated.   But this did not discharge his pre-existing indebtedness to the plaintiffs.   Their rights as creditors had already attached, and they could not be devested of them by the mere lapsing of his membership.   No such easy mode of paying debts is known to the law.   Nor is there anything whatever in the language of the third section, providing as it does for the forfeiture of membership, which suggests or implies a discharge thereby from past dues and assessments, as to which there is an unqualified promise to pay embodied in the contract.   *Ellerbee* v. *Barney*, 119 Mo. 632.

It is unnecessary to consider this branch of the case further. As a member of the association, the defendant was at the same time both insurer and insured.   As the latter, it was optional with him to forfeit his insurance and membership rights or not, as he pleased; but as the former, he had no option as to the fulfillment of the very different class of obligations pertaining and attaching to that relation.

The defendant's second contention is, that he is not liable for assessments levied after his membership ceased.

It is hardly necessary to say that this contention cannot be sustained.   The obvious test of liability is the time when the losses occurred upon which the assessments were made.   The termination of his membership cut off the defendant's liability as to future losses, but, as before stated, it in no way released him from future assessments for the payment of losses then existing.   They were valid claims against the plaintiffs; the defendant's liability to pay his proportionate part of them was created by his contract of membership; and the plaintiffs' right to enforce it against him by assessment is not limited in respect of time by his withdrawal from the association.

The result is, that the plaintiffs are entitled to recover such items of their claim as accrued during the defendant's membership.

*Judgment accordingly.*

All concurred.